UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MOUNT CALVARY INTERNATIONAL WORSHIP CENTER | CIVIL ACTION |
| VERSUS | NO: 22-04067 |
| CHURCH MUTUAL INSURANCE COMPANY | SECTION: T (2) |

### ORDER and REASONS

Before the Court is a Motion to Strike or Exclude Plaintiff's Expert Witnesses filed by Defendant Church Mutual Insurance Company. R. Doc. 19. Plaintiff Mount Calvary International Worship Center filed a response in opposition. R. Doc. 21. Defendant has filed a reply in support of its motion. R. Doc. 22. For the reasons set forth below, the Court will grant the motion.

BACKGROUND

Plaintiff's building was allegedly damaged during Hurricane Ida on or around August 29, 2021. R. Doc. 1-1, p. 3. Thereafter, Plaintiff submitted a claim to its insurer, Defendant, under Policy Number 017213402258589, which provided coverage for loss or ensuing damage caused by the peril of wind and/or hail. *Id.* Defendant opened a claim and assigned an adjuster to evaluate the cause and extent of the damage. *Id.* Eventually, Defendant tendered an amount to the Plaintiff that Plaintiff believed was inadequate to repair the covered damage. This suit seeking damages and penalties on several theories of liability followed in state court. *See* R. Doc. 1-1, pp. 4-7. The

1

case was subsequently removed to federal court by Defendant. R. Doc. 1.

This Court issued a Scheduling Order that required Plaintiff to disclose to Defendant's counsel on or before December 15, 2023, written reports of experts, as defined by Fed. Rule Civ. Proc. 26(a)(2)(B), "who may be witnesses for Plaintiffs fully setting forth all matters about which they will testify and the basis therefor…." R. Doc. 15, p. 3. The Scheduling Order provided that "[t]he same deadline applies for any expert disclosures pursuant to Federal Rule of Civil Procedure 26(a)(2)(C)." *Id.*

On December 13, 2023, Plaintiff via email provided the names of three expert witnesses. Plaintiff identified as his first expert witness Bobby Ware, President and CEO of Teddy Bear Services and E Fire Southern, located in Gulfport, Mississippi. R. Doc. 19-2. Plaintiff stated:

> Mr. Bobby Ware, an esteemed building consultant of expertise in construction, mitigation, appraisal, and repair. Mr. Ware has over 21 years of experience in the construction industry and over 10 years of experience as an umpire/appraiser. Mr. Bobby Ware, a seasoned building consultant with over 21 years of experience, will testify as an expert witness regarding Mount Calvary International's repairs in correlation with Julie Ann Lubarsky's adjuster's report. His testimony will provide a comprehensive analysis, drawing upon his expertise in construction, mitigation, appraisal, and repair to offer critical insights into the adequacy and accuracy of the undertaken repairs as outlined in the report. R. Doc. 19-2.

Plaintiff identified as his second expert witness Julie Ann Lubarsky, a "multi-state tested, licensed and bonded Public Insurance Adjuster, with over 17 years of experience." Plaintiff provided a link to Ms. Lubarsky's 431-page report. R. Doc. 19-6.[1]  This report was provided to

---

[1] Also linked was a 28-page report prepared by Strategic Mold Specialist of Gretna, Louisiana. R. Doc. 19-5. But Plaintiff's email to defense counsel does not provide any connection between

Defendant as early as March 8, 2023, as part of Plaintiff's initial disclosures. Mr. Ware was retained as a building consultant by Lubarsky Public Adjusters in relation to the Public Adjuster Report, according to Plaintiff. R. Doc. 21, p. 5. According to Plaintiff, Ware and Lubarsky collaborated on the Public Adjuster's Report. No further information was provided regarding Ms. Lubarsky's expert testimony.

Plaintiff identified as his third expert witness Emma Taylor, whom he described as "a multi-state tested, licensed, and bonded Building Consultant." R. Doc. 19-2, p. 2. No information was provided as to her purported testimony or the existence of a written report. Indeed, Plaintiff noted in its disclosure that Ms. Taylor had been unresponsive and had yet to produce a report. *Id.*

Defendants have moved to strike these expert witnesses or to exclude their testimony alleging that Plaintiff has not complied with the disclosure requirements of either Fed. Rule Civ. Proc. 26(a)(2)(B) or 26(a)(2)(C). Plaintiff essentially concedes in this Court that none of the disclosures complies with the requirements of 26(a)(2)(B) as a retained expert, but instead argues that the disclosures of both Ware and Lubarsky were intended to and do comply with the relaxed disclosure requirements under 26(a)(2)(C) as non-retained experts. R. Doc. 21. Plaintiff also seeks an unspecified continuance, presumably with regard to Ms. Taylor. *Id.*, p. 12.

LAW and ANALYSIS

The Federal Rules of Evidence divide opinion testimony into two categories: lay opinion

---

this estimate and any of the named expert witnesses.

3

and expert opinion testimony. Pursuant to Federal Rule of Evidence 701, when a witness is not testifying as an expert, testimony in the form of an opinion is limited to an opinion that is:

    (a) rationally based on the witness's perception;
    (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and
    (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Pursuant to Federal Rule of Evidence 702, a witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion if:

    (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
    (b) the testimony is based on sufficient facts or data;
    (c) the testimony is the product of reliable principles and methods; and
    (d) the expert has reliably applied the principles and methods to the facts of the case.

Federal Rule of Civil Procedure 26 governs the disclosure of expert testimony. Pursuant to Rule 26(a)(2)(B), experts retained specifically for litigation must provide formal expert reports. Before the 2010 amendments to the Federal Rules of Civil Procedure, non-retained experts were exempt from these disclosure requirements under certain circumstances. *Sheppard v. Liberty Mut. Ins. Co.*, No. 16-2401, 2017 WL 467092, at *1 (E.D. La. Feb. 2, 2017) (Vance, J.). After the 2010 amendments, a non-retained expert is "subject to a separate, less stringent disclosure regime than their retained counterparts" under Rule 26(a)(2)(C). *Id.* "Rule 26(a)(2)(C) addresses the disclosure of expert witnesses who were involved in the events leading up to litigation and may testify both as an expert and as a fact witness." *LaShip, L.L.C. v. Hayward Baker, Inc.*, 680 F. App'x 317, 324

4

(5th Cir. 2017). A Rule 26(a)(2)(C) witness's expert opinion "must be based on facts or data obtained or observed in the course of the sequence of events giving rise to the litigation." *Laship, L.L.C. v. Hayward Baker, Inc.*, 296 F.R.D. 475, 480 (E.D. La. 2013) (Brown, J.), *aff'd* 680 F. App'x at 317.

There is little Fifth Circuit precedent applying Rule 26(a)(2)(C) to non-retained experts. Under Rule 26(a)(2)(C), non-retained experts are not required to submit written reports; rather, they must provide only a disclosure stating "the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705" and "a summary of the facts and opinions to which [they are] expected to testify." Fed. R. Civ. P. 26(a)(2)(C); *see also* Fed. R. Civ. P. 26, Advisory Committee Notes to 2010 Amendments (stating Rule 26(a)(2)(C) applies to witnesses who are "not required to provide a report under Rule 26(a)(2)(B) [but] may both testify as a fact witness and also provide expert testimony"). The disclosure requirement for non-retained expert witnesses under Rule 26(a)(2)(C) is "considerably less extensive than the report required by Rule 26(a)(2)(B)" for retained experts. Fed. R. Civ. P. 26, Advisory Committee Notes to 2010 Amendments.

Plaintiff argues that Ware and Lubarsky are non-retained experts because their opinions were not generated for litigation "but are part of the routine processes related to the case." R. Doc. 21, p. 6. Plaintiff contends Ware and Lubarsky were hired for their expertise "before the specter of litigation or expert disclosures emerged…." *Id.* Plaintiff asserts that Ware and Lubarsky "were not specifically retained for expert testimony; rather, their collaboration focused on scope

determinations and tasks essential for case preparation, including the public adjuster's report." *Id.*, pp. 6-7.

Defendant counters that Plaintiff designated the witnesses initially as Rule 26(a)(2)(B) retained expert witnesses and that Plaintiff has provided insufficient information as to either witness's opinions. Defendant asserts that, without such information, it is not possible to discern whether the witness's opinions are those of retained or non-retained experts, noting that the latter may testify only as to opinions based on direct observation, not opinions developed for use in litigation. R. Doc. 22, p. 3 (citing *O'Connor v. Allied Trust Ins. Co.*, No. 23-218 (E.D. La. Oct. 10, 2023), 2023 WL 6589304 at *3 (Africk, J.) (granting defendant's motion to exclude two of plaintiff's named experts).

In *O'Connor*, the Court stated:

> Experts 'retained or specially employed to provide expert testimony in the case,' also known as retained experts, must provide a written report that meets certain criteria." *Doe v. Ortho-La Holdings, LLC*, No. CV 17-8948, 2018 WL 4613946, at *2 (E.D. La. Sept. 26, 2018) (Milazzo, J.). "The distinction between retained and non-retained experts should be interpreted in a common sense manner." *MGMTL, LLC v. Strategic Tech.*, 2022 WL 474161, at *7 (E.D. La. Feb. 16, 2022) (Vitter, J.) (quoting *Ferrara Land Management Mississippi, LLC v. Landmark American Insur. Co.*, 2021 WL 4819461, at *2 (S.D. Miss. July 19, 2021)). "While a retained expert is recruited to provide expert testimony without any prior, personal knowledge of the facts giving rise to litigation, a non-retained expert's testimony 'arises not from his enlistment as an expert, but, rather, from his ground-level involvement in the events giving rise to the litigation.' " *Id.*

2023 WL 6589304 *2.

Non-retained experts still "may be asked questions that implicate their expertise;" however, "they cannot be asked to opine about broader issues beyond their own personal involvement[.]"

*Ferrara Land Mgmt. Miss., LLC*, 2021 WL 4819461, at *2. In other words, "the scope of a non-retained expert's testimony is limited to expert opinions based upon her personal knowledge and observations." *MGMTL, LLC*, 2022 WL 474161, at *4.

In the instant case, both Ware and Lubarsky were retained to produce a public adjuster's report estimating Plaintiff's damages in response to the proffer from the Defendant insurer deemed inadequate by Plaintiff to cover those damages. Although it is reasonably foreseeable they would both be called to give expert testimony at a trial, Plaintiff maintains they were not retained specifically to testify at trial.[2] Ware is a contractor who inspected the property along with Lubarsky, an independent adjuster, who inspected the property, took photographs, and prepared a report and estimates. It is not well-settled as to whether an independent or public adjuster is a retained or non-retained expert. And it may depend on whether the witness is offered by the plaintiff or the defendant, or who has the burden of proof. In a case similar to this one, the

---

[2] There can be no doubt that estimates of repair costs require "at a minimum, [the witness] to forecast the amount, type, and costs of materials needed, as well as the amount of labor required to complete the long list of repairs. These forecasts are not common knowledge, familiar in everyday life. They require specialized knowledge of construction and repair work." *Pendarvis v. American Bankers Insurance Company of Florida*, 354 F.App'x 866 (5th Cir 2009)(unpublished). Although *Pendarvis* was decided before the 2010 amendment to Rule 26, the case stands for the rationale that future cost estimates, as opposed to actual costs of repairs already made, must be provided by expert testimony. *See Certain Underwriters at Lloyd's, London v. Covington Flooring Company, Inc.*, No. 22-5292 (E. D. La. Mar. 8, 2024), pp. 15-16 ("expert testimony is 'essential' for proving the estimated reasonable costs of reconstruction")(citing *Betzel v. State Farm Lloyds*, 480 F.3d 704 (5th Cir. 2007)); *see also Beechgrove Redevelopment, L.L.C. v. Carter & Sons Plumbing, Heating & Air-Conditioning, Inc.*, No. 07-8446, 2009 WL 981724 (E.D. La. Apr. 9, 2009).

defendant insurer's independent adjusters were deemed to be non-retained experts because they attended inspections of the property and prepared reports and estimates "as part of the claims handling process." *Jesus Church of Victoria Texas, Inc. v. Church Mutual Insurance Company*, 627 F.Supp.3d 715, 723 (S. D. Texas Sept. 13, 2022). There, the Court reasoned that the insurer's independent adjusters were non-retained expert witnesses under Rule 26(a)(2)(C) because they had been involved in the events giving rise to the lawsuit before litigation commenced and had formed opinions concerning the property damage and claims handling process while carrying out their job duties. However, the Court limited their testimony to "facts and opinions that were not produced specifically in preparation for the trial of this matter." *Id.* at 724 (quoting *MGMTL, LLC*, 2022 WL 474161, at *6). The Court explained:

> This includes observations and opinions regarding these witnesses' inspections of the [plaintiff church's] property, the findings and conclusions reached in the estimates and reports these witnesses completed during the claims handling process, and other direct observations and opinions developed during the claims-handling process. [*MGMTL, LLC*, 2022 WL 474161, at *6]. "To the extent the Witnesses stray into purely expert testimony related to the prosecution of this litigation and not their involvement in the underlying events, [plaintiff church] can object at trial based on the lack of Rule 26 reports[.]" *See Beechgrove Redevelopment, L.L.C. v. Carter & Sons Plumbing, Heating & Air-Conditioning, Inc.*, No. 07-8446, 2009 WL 981724, at *7 (E.D. La. Apr. 9, 2009).

Here, whether or not Plaintiff's expert witnesses may be categorized as retained or non-retained, Plaintiff's disclosures fail to satisfy either Rule 26(a)(2)(B) or Rule 26(a)(2)(C). The public adjuster's report is simply an estimate of the cost to repair and refurbish the building. It contains no indication as to the cause of the alleged damage. There is no statement as to the subject matter on which the witnesses are expected to present expert evidence under Federal Rule of

Evidence 702, 703, or 705. Rule 26(a)(2)(C)(i). Further, there is no summary of the facts and opinions as to which the witnesses are expected to testify. Rule 26(a)(2)(C)(ii). Finally, there is certainly no compliance with the stricter requirements of Rule 26(a)(2)(B).

Federal Rule of Civil Procedure 37(c)(1) provides that "if a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or harmless." Fed. Rule Civ. Pro. 37(c)(1). The Fifth Circuit has provided four factors to analyze when determining whether a Rule 26 violation is substantially justified or harmless: "(1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice." *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 883 (5th Cir. 2004) (citing *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990)).

In this case, the Court finds no justification for the failure to comply with the disclosure requirements of Rule 26(a). Plaintiff cites the lack of response from one witness, but that does not justify its lack of disclosure with regard to Ware and Lubarsky. Plaintiff did not seek an extension of the deadline from opposing counsel or this Court; nor did Plaintiff seek to supplement its disclosures with regard to these witnesses. There can be no doubt that the testimony of Ware and Lubarsky are critical to Plaintiff's case, but the lack of disclosure as to what the witnesses would testify to would result in prejudice to Defendant. Although Plaintiff argues Defendant has had the adjuster's report for some time, there is no indication as to what either would witness would testify

to with regard to causation or any other issue. Finally, the Court finds a continuance at this time to be untimely and unwarranted, and would prejudice Defendant further. Thus, because the Court concludes Plaintiff's lack of compliance with Rule 26(a) and this Court's Scheduling Order was neither justified nor harmless error, the Court must strike the witnesses as expert witnesses at trial.

Accordingly,

**IT IS ORDERED** that the Defendant's Motion to Strike or Exclude Expert Witnesses is GRANTED.

New Orleans, Louisiana, this 18th day of July 2024.

_____
GREG GERARD GUIDRY
UNITED STATES DISTRICT JUDGE

10