UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MOUNT CALVARY INTERNATIONAL WORSHIP CENTER | CIVIL ACTION |
| VERSUS | NO: 22-04067 |
| CHURCH MUTUAL INSURANCE COMPANY | SECTION: T (2) |

## **ORDER and REASONS**

Before the Court are several pretrial motions. Plaintiff Mount Calvary International Worship Center has filed a Motion to Strike Defendant's Expert Witnesses. R. Doc. 32. Defendant Church Mutual Insurance Company has filed a Motion to Exclude Newly Named Trial Witnesses. R. Doc. 36. Plaintiff has also filed a Motion for Reconsideration of the Court's Order of April 5, 2024, which had granted a limited continuance of trial. R. Doc. 54. These Motions will be taken up individually.

In its Motion to Strike Defendant's Expert Witnesses, R. Doc. 32, Plaintiff argues there is good cause to strike the testimony of Defendant's expert witnesses, Joey Marlowe, Mitchell L. Kirkland, and George Adams, and to grant leave to take the depositions of these experts, based on newly discovered information from a deposition in another case taken of Joey Marlowe. Plaintiff alleges Defendant incorrectly represented in its Rule 26 disclosures that Marlowe had not given any testimony in the prior four years. *Id.* This testimony was to the effect, according to Plaintiff,

1

that Marlowe had intentionally underestimated roofing costs by 7%.

Defendant counters that failure to disclose the prior testimony was inadvertent and present counsel turned that information over to Plaintiff on becoming aware of it. R. Doc. 40. Defendant notes that it is unclear whether the witness even testified as an expert in that prior case, such that disclosure is required.[1] R. Doc. 40, p. 2. Defendant also argues that Plaintiff has mischaracterized the testimony, pointing out that the witness claimed to have applied the discount to enable the insured to obtain a reduced price. R. Doc. 40, p. 3. Finally, Defendant argues that Marlowe's testimony in no way implicates the testimony of its other experts. Defendant contends Plaintiff can cross-examine the witness to determine if the witness applied a so-called "Madsky" discount in his repair estimates. R. Doc. 40., p. 9.

The Court finds no merit to Plaintiff's assertions. The Court notes that it granted a limited continuance to enable Plaintiff to depose Marlowe to explore his prior testimony. R. Doc. 45. It is unclear from the pleadings whether that deposition has been conducted. At any rate, Plaintiff may cross-examine the witness at trial as to his methodology. The Court will deny Plaintiff's Motion to Strike Defendant's Expert Witnesses.

Next, Defendant has filed a Motion to Exclude Newly Named Witnesses, namely Bryan

---

[1] As another justification for the delay, Defendant notes its counsel was unsure of whether the witness would be called as a retained expert or a non-retained expert. If the latter, the stricter disclosure requirements of Fed. Rule Civ. Proc. 26(a)(2)(B) would not be applicable. Given that Defendant had already stated the witness had not previously testified, it had an obligation to correct that statement as soon as its omission was discovered. However, there is no suggestion that Defendant acted in bad faith.

Medina, Edwin Deese, Devin Jones, Ben Head, Randy Hills, and Rhona Riley. R. Doc. 36. Defendant contends these witnesses were not previously disclosed and Plaintiff has provided no good cause for the late addition of these witnesses. *Id.* Plaintiff counters that these witnesses will testify as to actual repairs made to the property and invoices paid. R. Doc. 39. Plaintiff asserts there is no prejudice to Defendant because defense counsel has had access to all documentation and the scope of repairs that these witnesses will be called to testify on, through Plaintiff's initial disclosures. These witnesses were involved in pre-litigation matters and will testify accordingly. R. Doc. 39, pp. 2-5.

The Court will deny Defendant's Motion to Exclude Newly Named Trial Witnesses. Defendant has shown no actual prejudice in allowing these witnesses to testify. Defendant was put on notice that such witnesses might be called in Plaintiff's initial disclosure on March 8, 2023. Furthermore, given the continuance previously granted by this Court *after* the Motion was filed, any perceived prejudice has been attenuated.

Lastly, Plaintiff has filed a Motion for Reconsideration of the Court's Order granting a limited continuance. R. Doc. 54. This Motion comes nearly three months after the Court's order was issued on April 5, 2024. As in its Motion to Continue, R. Doc. 41, Plaintiff again points to the prior testimony of Joey Marlowe as suggesting that discovery should be reopened. Plaintiff also states it has hired an expert who has called into question the estimates and methodology of Defendant's adjusters and expert witnesses. R. Doc. 54.

Defendant counters that these arguments do not merit reconsideration. R. Doc. 57. Plaintiff,

according to Defendant, rehashes arguments previously made to the Court and which the Court already cured in its limited grant of a continuance. *Id.*, p. 4. Defendant points out that Plaintiff is relying on a new and unknown purported expert to discredit Defendant's position and to seek re-opening of discovery at this late date. Defendant asserts Plaintiff has had nearly two years to litigate its case and that re-opening discovery at this late date would result in prejudice and increased costs. R. Doc. 57.

The Court, after reviewing the arguments, finds no basis to reconsider its prior Order. Whether interlocutory orders should be altered is set forth in Fed. Rule Civ. Proc. 54(b). *Namer v. Scottsdale Insurance Company*, 314 F.R.D. 392 (E.D. La. Apr. 5, 2016). Whether to grant a motion to reconsider under Rule 54(b) rests within the discretion of the Court. *Bernard v. Grefer*, No. 14-887, 2015 WL 3485761, at *5 (E.D. La. June 2, 2015)(Fallon, J.).

In its prior Order, the Court granted a limited continuance to allow Plaintiff to depose Defendant's expert witness, Marlowe, regarding his prior testimony. At that time, the Court declined to reopen discovery to allow Plaintiff another attempt to find an expert to help support his case.[2] Plaintiff shows nothing in the deposition of Marlowe, assuming it has been conducted, that would cause the Court to reconsider reopening discovery to allow Plaintiff to retain new experts. Consequently, the Court declines to reconsider its prior Order and will deny Plaintiff's

---

[2] The parties had been advised at a previous pretrial conference on March 14, 2024, that the Court was inclined to grant Defendant's Motion to Strike or Exclude Plaintiff's Expert Witnesses and that witnesses Ware and Lubarsky would be allowed to testify as fact witnesses. R. Doc. 25. The Court has this date issued its Order and Reasons granting the Motion to Strike.

motion.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Strike Defendant's Expert Witnesses (R. Doc. 32) is DENIED.

**IT IS FURTHER ORDERED** that Defendant's Motion to Exclude Newly Named Trial Witnesses (R. Doc. 36) is DENIED.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Reconsideration (R. Doc. 54) is DENIED.

New Orleans, Louisiana, this 18th day of July 2024.

_____
GREG GERARD GUIDRY
UNITED STATES DISTRICT JUDGE